UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------
JERRY ISON,

                    Plaintiff,                      **MEMORANDUM AND ORDER**
                                                                     17 Civ. 3925 (AMD) (RER)

      -against-

NEW YORK CITY POLICE DEPARTMENT;
POLICE OFFICER MUI; POLICE OFFICER
JOHN DOE 1; POLICE OFFICER JOHN DOE 2;
CINDY HOROWITZ, Civilian Complaint
Review Board/Record Access Officer;
MATTHEW KADUSHIN, Civilian Complaint
Review Board/Record Access Officer,

                    Defendants.
-------------------------------------------------------------

**ANN M. DONNELLY,** District Judge:

      The *pro se* plaintiff, Jerry Ison, currently incarcerated at the Robert N. Davoren Center at Rikers Island, filed this civil rights action on June 29, 2017. (Compl., ECF 1.) For the reasons that follow, I grant the plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but I dismiss the plaintiff's claims against the New York City Police Department, Cindy Horowitz and Matthew Kadushin. The plaintiff's claims against Police Officer Mui, Police Officer John Doe 1 and Police Officer John Doe 2 may proceed.

### BACKGROUND

      According to the plaintiff, on June 7, 2016, three police officers from the 109th Precinct picked him up from Elmhurst Hospital to transport him to an unidentified court. (Compl. at 4.) He claims that a doctor told the officers "not to handcuff [his] left arm behind [his] back because [his] arm is parlized [sic]" and that the plaintiff told the officers that handcuffing him in this manner "cause[d] pain [be]cause of the [arm's] limited movement." (*Id.*) The plaintiff alleges

that the officers "force[d] [his] paraliz[ed] [sic] arm being [his] back anyway," tackled him to the floor, and handcuffed him. (*Id.*) The plaintiff states that he suffered "damage [to his] nerves, [a] swollen arm, scrap[es], marks from [the] handcuff[s], pain and suffering, [and] neurological damage." (*Id.*) He seeks money damages. (*Id.* at 5.)

## DISCUSSION

I. <u>Standard of Review</u>

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under 28 U.S.C. § 1915(e)(2)(B), however, a court is to dismiss an *in forma pauperis* action if the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

II. <u>Claims Against the NYPD</u>

The plaintiff's claims cannot proceed against the New York City Police Department because it is not a suable entity. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided

2

by law." N.Y. City Charter § 396 (2009). This provision has been construed to mean that New York City departments and agencies, unlike the City itself, cannot be sued. *See, e.g. Jeffers v. City of New York*, No. 15 Civ. 2965, 2015 WL 3915306, at *2 (E.D.N.Y. June 25, 2015) (the NYPD is a not a suable entity); *Lopez v. Zouvelos*, No. 13 Civ. 6474, 2014 WL 843219, at *2 (E.D.N.Y. Mar 04, 2014) (dismissing all claims against the NYPD as a non-suable entity).

III.   Claims Against Horowitz and Kadushin

The plaintiff also names as defendants Cindy Horowitz and Matthew Kadushin, whom he describes as records access officers for New York City's Civilian Complaint Review Board ("CCRB"). The plaintiff submits documents indicating that he filed a complaint with the CCRB, and then sought information regarding his complaint under New York's Freedom of Information Law ("FOIL"). The plaintiff does not, however, state any facts to support a claim against Cindy Horowitz or Matthew Kadushin.

In a civil rights action, a plaintiff must demonstrate a defendant's direct or personal involvement in the actions which are alleged to have caused the constitutional deprivation. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1991); *Leibovitz v. City of New York*, No. 15 Civ. 1722, 2015 WL 3971528, at *4 (E.D.N.Y. June 30, 2015); *Holmes v. Kelly*, No. 13 Civ. 3122, 2014 WL 3725844, at *2 (E.D.N.Y. July 25, 2014). A plaintiff must "allege a tangible connection between the acts of the defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Here, there is nothing in the complaint to suggest that Cindy Horowitz or Matthew Kadushin had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights to make them liable.

To the extent the plaintiff seeks to bring a claim under FOIL, N.Y. Pub. Off. Law § 87 *et seq.*, this Court would not have jurisdiction over that claim. New York's FOIL allows individuals to request disclosure of records collected by New York state agencies, subject to certain statutory exemptions. If the agency denies the request, the requester may appeal the denial first to the "head, chief executive or governing body" of the entity or agency in possession of the documents, and, thereafter, by commencing a special proceeding in New York State courts under Article 78 of the New York Civil Practice Law and Rules. N.Y. Pub. Off. L. § 89.4 (a) and (b). Federal courts do not have jurisdiction to enforce state laws granting public access to official state records.

## CONCLUSION

Accordingly, the plaintiff's claims against the New York City Police Department, Cindy Horowitz and Matthew Kadushin are dismissed. No summonses will issue as to these defendants and the Clerk of Court is respectfully directed to amend the caption to reflect the dismissal of these defendants.

The plaintiff's claims against Police Officer Mui, Police Officer John Doe 1 and Police Officer John Doe 2 of the 109th Precinct will proceed. The Clerk of Court is respectfully requested to issue a summons as to Police Officer Mui and the United States Marshal Service is respectfully requested to serve the summons, complaint and this order upon Police Officer Mui without prepayment of fees.

As the true identities of defendants John Doe 1 and John Doe 2 are unknown at this time, pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Court requests that the Corporation Counsel of the City of New York ascertain the full names of these John Doe defendants, who were allegedly involved in the incident that occurred on June 7, 2016 at

Elmhurst Hospital. The Corporation Counsel is to provide the addresses where the defendants can be served, but need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in *Valentin*. The Corporation Counsel is to produce the information specified regarding the identity of these defendants within 45 days from the entry of this order. Once this information is provided, plaintiff's complaint will be deemed amended to reflect the full names of all defendants and the Court will direct service on all remaining defendants accordingly.

The Clerk of Court is respectfully directed to send a copy of this order and the plaintiff's complaint to the Corporation Counsel of the City of New York and to the plaintiff. No summons will issue at this time. The case is referred to Magistrate Judge Ramon E. Reyes Jr. for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       July 27, 2017